IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | CASE NO.: 4:24-cr-70-2 |
| JOSEPH THOMAS MORRIS, | |

### REPORT AND RECOMMENDATION

The Government filed a Motion for Revocation of Defendant Joseph Thomas Morris's ("Morris") Pre-Trial Release. Doc. 71. The Court conducted a hearing on this matter on January 16, 2025. Doc. 74. Following the hearing, the Court revoked Mr. Morris's pretrial release, and ordered that Mr. Morris be detained until the resolution of the criminal proceedings against him or otherwise determined by the Court. Doc. 77. The undersigned now **RECOMMENDS** that the appearance bond in the amount of $30,000.00 which is secured by a third-party surety, Defendant's father, Joseph Thomas Morris, Jr., be **FORFEITED**, but that the entire collateral for the $30,000.00 bond be **SET ASIDE** under Federal Rule of Criminal Procedure 46(f)(2), and the bond should be **EXONERATED**.[1]

### BACKGROUND

Mr. Morris was charged by Indictment in this matter with Count One: Possession of a Stolen Mail Key, 18 U.S.C. § 1704, and Count Two: Possession of Stolen Mail Matter, 18 U.S.C. § 1708. Mr. Morris entered a plea of guilty to Count Two, Possession of Stolen Mail

---

[1] The authority of a Magistrate Judge to issue a final order regarding forfeiture of a bond is not settled. See United States v. Ballbuena, No. 8:08-cr-271, 2009 WL 87413, at *1 (M.D. Fla. Jan. 13, 2009). Accordingly, on the issue of forfeiture, a Report and Recommendation is being issued rather than an Order.

Matter, 18 U.S.C. § 1704, during his Change of Plea hearing on October 17, 2024 and he was released on bond pending his sentencing hearing, subject to certain conditions. Doc. 31.

The United States Probation Office filed a Petition, doc. 71, seeking revocation of Mr. Morris's pretrial release and alleging Defendant violated the following bond conditions:

(1) Defendant must continue or actively seek employment.

(2) Defendant must participate in a location restriction program, specifically, curfew, as directed by supervising officer.

At the Bond Violation Hearing, the Government asked the Court to revoke Mr. Morris's release and requested that Mr. Morris be detained pending his sentencing hearing. Mr. Morris objected to the request that his bond be revoked.

Based on the testimony and evidence presented at the hearing on January 16, 2025, I revoked Mr. Morris's bond and ordered he be detained until this case is resolved. Doc. 77.

At the Bond Violation Hearing on January 16, 2025, the Court announced that Defendant's appearance bond in the amount of $30,000, secured by third-party surety, Joseph Thomas Morris, Jr., Defendant's father, be forfeited, set aside and exonerated in the amount of $30,000. Neither the Government nor Defendant objected.

## DISCUSSION

Having found that a condition of the appearance bond has been breached, based on Federal Rule of Criminal Procedure 46(f)(1), the Court "must declare the bail forfeited." Fed. R. Crim. P. 46(f)(1). Forfeiture is triggered not just by a failure to appear but also by violations of other conditions. Brown v. United States, 410 F.2d 212, 218 (5th Cir. 1969). Additionally, forfeiture results in liability not just as to the defendant but also as to any surety on the bond. See United States v. Vaccaro, 51 F.3d 189, 193 (9th Cir. 1995) (holding defendant and surety jointly and severally liable for forfeiture); United States v. Balbuena, No. 8:08-CR-271, 2009

2

WL 87413, at *1 (M.D. Fla. Jan. 13, 2009).  As described above, Mr. Morris breached the express conditions of his release, and, therefore, his bond must be forfeited.

However, under Federal Rule of Criminal Procedure 46(f)(2), the Court may set aside a forfeiture, in whole or in part, if "it appears that justice does not require bail forfeiture."  Fed. R. Crim. P. 46(f)(2).  Rule 46(f)(1) combines with Rules 46(f)(2) and (f)(4) to give district courts "virtually unbridled discretion" in remitting bond forfeiture.  United States v. Gonzalez, 452 F. App'x 844, 845 (11th Cir. 2011).  Factors that courts consider when assessing whether to set aside all or a portion of a forfeiture include: the defendant's willfulness in breaching release conditions; the amount of delay caused by the defendant's default; the surety's participation; the cost, inconvenience, and prejudice suffered as a result of the breach; any mitigating factors offered by the defendant; and whether the surety is a professional as opposed to a family member or friend.  United States v. Diaz, 811 F.2d 1412, 1415 (11th Cir. 1987); United States v. Nguyen, 279 F.3d 1112, 1115–16 (9th Cir. 2002).

Justice requires setting aside all of the forfeiture in this case.  Mr. Morris's willfulness in breaching the conditions of his bond is apparent.  Mr. Morris's breach resulted in cost and inconvenience to the Court and the Government.  Counsel for Mr. Morris provided mitigating factors at the hearing.  It appears forfeiture of the collateral by Defendant and Defendant's surety would be detrimental to the Defendant.

## CONCLUSION

For the reasons set forth above, I **RECOMMEND** that the appearance bond in the amount of $30,000.00, doc. 30, be **FORFEITED**, and that the collateral for said bond be **SET ASIDE** under Federal Rule of Criminal Procedure 46(f)(2).

The Court **ORDERS** any party seeking to object to this Order and Report and Recommendation to file specific written objections within 14 days of the date on which this Order and Report and Recommendation is entered. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions herein. See Thomas v. Arn, 474 U.S. 140, 155 (1985).

If the Court receives any timely objections to the Order that Defendant be detained pending trial, a district judge will review such objections and will modify or set aside a part of the Order only if it is contrary to law or clearly erroneous. Fed. R. Crim. P. 59(a). If the Court receives any timely objections to the Report and Recommendation regarding forfeiture, a district judge will consider such objections and, upon a de novo review of the record, may accept, reject, or modify, in whole or in part, these findings or recommendations. 28 U.S.C. § 636(b)(1)(C); Fed. R. Crim. P. 59(b). Objections not meeting the timeliness and specificity requirements set out above will not be considered by a district judge. The Court **DIRECTS** the Clerk of Court to serve a copy of this Order and Report and Recommendation upon all parties.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 23rd day of January, 2025.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA