UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

UNITED STATES OF AMERICA,

               Plaintiff,

                                     Case No.: 4:24CR70-1

vs.

BRYAN LAMONT PETERSON (01),

               Defendant.

## SENTENCING MEMORANDUM AND MOTION
## FOR DOWNWARD DEPARTURE AND/OR VARIANCE

At the very young age of twenty-four years old, Mr. Peterson faces a crossroad of his own creation. Now he knows better than may of his counterparts, that his reckless decision making will have the most severe consequences he has faced to date. Despite his desire to do better, he keeps falling into a vicious cycle of poverty with what feels, to Mr. Peterson, never-ending. Though it is apparent he has regrets about his conduct in this case and his conduct after his change of plea, he has a desire to do better going forward.

Despite the myriad of obstacles Bryan Peterson has faced in life, he still has goals and wants more for his life than what he has now. Too often we see people from his community so downtrodden that they do not even have a desire for more than what they are surrounded by, drugs, guns, and violence. Even though Mr. Peterson faces a significant sentence in this case, he still has goals and has been working toward achieving those goals

while his sentence was pending before the court. He has some experience and informal training in the automobile repair industry. He aspires to become a technician so that he can work in a mechanic shop after he is released from custody. His goal is to eventually start his own mechanical and repair shop.

With great goals in mind, Mr. Peterson understands the need to maintain employment and accountability. However, while trying to be accountable to his pre-trial release supervisor, he has had some shortcomings. Mr. Peterson has had several issues during his pre-trial supervision, that are indicative of the poverty he lives in. While on pre-trial release, he was late on occasions for his curfew. Mr. Peterson does not own a car and is at the mercy of others for transportation. Lack of transportation has also resulted in Mr. Peterson losing employment and is an issue that continues to plague him. Mr. Peterson has also unfortunately been self-medicating with an expired prescription. Mr. Peterson was grazed by a bullet and in a car wreck in 2024. More recently he was injured on his job. Instead of incurring a bill he could not afford to pay, Mr. Peterson took medication that was previously prescribed to him. When he weighed the expense of a doctor's visit, medication and missed work, the easiest way out at the time was medication he already had. Mr. Peterson is not doctor shopping, he is not obtaining street narcotics, and he has not illegally possessed any drugs.

He has accepted his responsibility and entered a guilty plea to Count two of the indictment, Possession of Stolen Mail. He has admitted to the conduct related to the offense he was convicted of and the government has not extended any resources to go forward with

a trial in this case. Mr. Peterson gave a verbal and written statement laying out his conduct in this case, has withdrawn from all criminal activity, has not been charged with any new offense, has maintained employment (see Exhibit 1), and started a General Education Diploma program (see Exhibit 2). All of these are indicative of someone who is trying to change the trajectory of his life and show contrition for his past conduct. Background for the guideline reads:

> [t]he reduction of offense level provided by this section recognizes legitimate societal interests. For several reasons, a defendant who clearly demonstrates acceptance of responsibility for his offense by taking, in a timely fashion, the actions listed above [in application note 1](or some equivalent action) is appropriately given a lower offense level than a defendant who has not demonstrated acceptance of responsibility.

> USSG §3E1.1.Background.

Here, it is clear from his actions, that he has acceptable responsibility. The Court has great discretion at sentencing and determining the applicable guideline range. A reduction of total offense level for Acceptance of responsibility is not a right of a person charged. However in looking at the stated background it is beneficial to society to have someone charged with an offense to admit their wrongdoing. Not only is it an incentive to resolve cases but it reduces the impact on judicial economy.

Although the guidelines no longer make provisions for age as a bases for departure, it may be considered by the court. Many studies have indicated the frontal

cortex, the part of the brain that helps adults understand consequences, does not fully develop until well after attaining the age of majority. Even if Mr. Peterson understood his actions were wrong, his ability to understand the consequences and thus be properly deterred, were not fully developed. The Supreme Court has given deference to and cited studies which indicate the human brain does not fully develop until the age of 25.[1] Mr. Peterson is only twenty-four (24) years old and is now facing the possibility of a lengthy sentence. His offenses were committed as the age of twenty-three.

In looking at the sentence Mr. Peterson faces, it is significantly higher than his co-defendant, who was sentenced to 8 months to be served concurrently with any sentence imposed in the related Chatham County charges. The average sentence for an offender charged with the same offense, total offense level of 14, and criminal history category of III, is 15 months.[2] Since October 16, 2024, Mr. Peterson has been on home detention with location monitoring. He has been under restrictions for 207 days.

For the foregoing reasons, Mr. Peterson and his counsel request the Court find that acceptance of responsibility is applicable and that his total offense level is a 12. Mr. Peterson and his counsel further request a variance/and departure and that he be sentenced to a term of imprisonment for 15 months, require him to complete his GED, undergo a substance abuse assessment and complete any recommended treatment, and any other conditions the Court finds appropriate.  Counsel submits that a sentence below

---

1 *See Roper v. Simmons*, 543 U.S. 551 (2005); *see also Gall v. U.S.*, 552 U.S. 38, 53 (2007).
2 JSIN (May 11, 2025), https://jsin.ussc.gov/analytics/saw.dll?Dashboard

the guidelines in this case would be sufficient but not greater than necessary to meet the ends of justice and satisfy all of the factors enumerated in §3553.

Respectfully, submitted this 11th day of May, 2025.

The Holsey Law Firm, LLC

*/s/ Juanita M. Holsey*
Juanita M. Holsey
Attorney for Defendant
Georgia Bar No: 172161

P.O. Box 132
Jesup, GA 31598
T:   912.208.2353
F:   877.349.4076
Email:   juanita@holseylaw.com

CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of May, 2025, I served upon all parties a copy of the foregoing Sentencing Memorandum and Motion for Downward Departure and/or variance in accordance with the notice of electronic filing (NEF), which was generated as a result of electronic filing in this Court.

Dated this 11th day of May, 2025.

The Holsey Law Firm, LLC

*/s/ Juanita M. Holsey*
Juanita M. Holsey
Attorney for Defendant
Georgia Bar No: 172161

P.O. Box 132
Jesup, GA 31598
T:   912.208.2353
F:   877.349.4076
Email:   juanita@holseylaw.com